[694 NYS2d 80]

In the Matter of MICHAEL SCOTT FELMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 28, 1999

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

*Flamhaft, Levy, Kamins & Hirsch,* Brooklyn (*Harold L. Levy* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct against him. Charge One alleged that he was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 691.7 (b), in violation of Code of Professional Responsibility DR 1-102 (A) (1), (3), (4), (5), and (8) (22 NYCRR 1200.3 [a] [1], [3], [4], [5], [8]). On May 28, 1997, the respondent entered a plea of guilty to a violation of Judiciary Law § 491 (prohibiting the sharing of compensation by attorneys), a serious crime within the meaning of Judiciary Law § 90 (4) (d), in the Supreme Court, Kings County. On September 9, 1997, he was sentenced to a conditional discharge, the conditions being that he not be arrested again for any offense and that he pay $25,000 to the Lawyers' Fund for Client Protection.

Charge Two alleged that the respondent shared fees with a nonlawyer, in violation of Code of Professional Responsibility DR 3-102 (A) (22 NYCRR 1200.17 [a]). From January 1991 through August 1995 the respondent was a partner in the law firm of Felman and Berson. During that period he paid David Bard various amounts of money, representing portions of fees which he had charged or received, to induce Bard to refer individuals to him as clients. David Bard was not an attorney duly licensed to practice law in the State of New York during the period in question.

Charge Three alleged that based on the factual allegations in Charges One and Two, the respondent engaged in conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

In his answer, the respondent admitted the allegations contained in the petition, but denied that his conviction constituted a conviction of a serious crime within the meaning of Judiciary Law § 90 (4) (d). After a hearing, the Special Referee sustained all three charges of professional misconduct against the respondent. The Grievance Committee now moves to

confirm the Special Referee's report, and the respondent cross-moves to confirm the report regarding Charges Two and Three, but to disaffirm the report as to Charge One, insofar as the Special Referee found that his conviction was for a serious crime within the meaning of Judiciary Law § 90 (4) (d).

The Special Referee properly sustained all three charges of professional misconduct against the respondent.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider that he has already been suspended from the practice of law for more than one year, that he fully cooperated with the District Attorney's office, that he willingly entered a plea of guilty to the misdemeanor charge, thereby avoiding a costly and time-consuming trial, and that he has already paid $25,000 to the Lawyers' Fund for Client Protection. The respondent contends that a term of suspension from the practice of law, rather than disbarment, is an appropriate sanction. The respondent's prior disciplinary history consists of two letters of caution.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years, effective as of the date of this order.

MANGANO, P. J., S. MILLER, O'BRIEN, RITTER and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charges Two and Three are sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Michael Scott Felman, is suspended from the practice of law for a period of two years, commencing immediately and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months before the expiration of the two-year period upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see, 22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael Scott Felman, shall continue to desist and

refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.