[972 NYS2d 299]

In the Matter of JOHN J. D'EMIC (Admitted as JOHN JOSEPH D'EMIC), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 2, 2013

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

*Meissner Kleinberg & Finkel,* New York City (*Richard A. Finkel* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated May 3, 2010, which was later amended by a stipulation dated June 4, 2012. Following a prehearing conference on March 29, 2012, and a hearing on June 4, 2012, the Special Referee sustained all of the charges, as amended. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and appropriate. The respondent cross-moves to disaffirm the report, in part. He agrees that the charges, as amended, should be sustained. However, he argues that the Special Referee erroneously concluded that he was convicted of a serious crime, and that he did not sufficiently show remorse or that he had the moral fiber required of an attorney. He asks that he be suspended from the practice of law for the time already served under the interim order of suspension.

Charge one, as amended, alleges that the respondent is guilty of professional misconduct, in that he was convicted of a serious crime in violation of rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0). On October 1, 2009, the respondent pleaded guilty in the Supreme Court, Queens County, to a violation of Judiciary Law § 491, a misdemeanor, which

prohibits the sharing of compensation by attorneys with non-lawyers. He was sentenced to a fine of $10,000, a 30-day period of community service, and a one-year conditional discharge.

Charge two, as amended, alleges that the respondent knowingly shared his attorney fees with an attorney whom he knew was disbarred, in violation of Code of Professional Responsibility DR 3-102 (a) (22 NYCRR 1200.17 [a]). During his plea allocution in the Supreme Court, Queens County, on October 1, 2009, the respondent admitted that during 2007 he was the named attorney for either the borrower or seller in more than a dozen real estate closings involving the law firm John Weber and Associates. Each of these real estate closings was referred to the respondent by Alan Morris, an employee of John Weber and Associates, whom the respondent knew was a disbarred attorney at the time of the referrals. The respondent entered into an agreement with Morris whereby Morris would handle all of the legal work prior to the closings, and the respondent would only be required to be present at the closings themselves. Pursuant to the agreement, all of the documentation for the closings, including the HUD-1 statements, would indicate that the respondent had received $1,800 as an attorney's fee. Morris, as settlement agent, would then write a disbursement check payable to the respondent in the amount of $1,800, and the respondent would thereafter provide Morris with a check for $850 from his IOLA account; in so doing, the respondent split a portion of his legal fee with Morris, a disbarred attorney.

Charge three, as amended, alleges that the respondent authorized the proceeds of the sale of real property owned by his client to be redistributed to third parties without authorization from his client, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]). In an affidavit the respondent submitted to the Supreme Court, Queens County, as part of his plea allocution, the respondent admitted that on or about September 21, 2007, as attorney for a seller of real property, Eugene Thomas, the respondent prepared a letter authorizing the redistribution of more than $300,000 of the proceeds of the sale to various construction companies. The respondent further admitted that he had falsely indicated in that letter that he had met with Thomas, and that Thomas had requested the redistribution of the proceeds. In fact, the respondent had never even met Thomas.

Charge four, as amended, alleges that the respondent made misrepresentations to a government entity, in violation of Code

of Professional Responsibility DR 1-102 (a) (4) and (5) (22 NYCRR 1200.3 [a] [4], [5]). In an affidavit the respondent submitted to the Supreme Court, Queens County, as part of his plea allocution, the respondent admitted that during the course of the investigation into the closings referred to him by Morris, the respondent initially provided conflicting information and false statements regarding his role and involvement in the closings to representatives of the Queens County District Attorney.

In his answer to the petition, the respondent admitted to all the underlying facts, but argued that a violation of Judiciary Law § 491 does not constitute a serious crime and that his conduct did not violate the Code of Professional Responsibility.

In the stipulation dated June 4, 2012, the parties, inter alia, stipulated to the truth of the facts alleged in the petition. Further, relative to charge two, the parties agreed to additional facts not contained in the petition, as follows: the respondent knew that John Weber and Associates was aware that Morris was a disbarred attorney. Pursuant to the agreement the respondent had with Morris, Morris would prepare all required documents regarding the real estate closings and, as agreed, Morris did prepare all the documents required for each of the closings. The respondent agreed to be present at the closings to review the documents and advise the party that he represented. The parties also agreed that a determination of whether a violation of Judiciary Law § 491 constituted a serious crime was a question of law, and that the issue would be submitted to the Special Referee to hear and report in accordance with the decision and order on motion of this Court dated April 22, 2010.

The respondent's contention that a violation of Judiciary Law § 491 does not constitute a serious crime is without merit. By decision and order on motion dated April 22, 2010, this Court immediately suspended the respondent from the practice of law based on his conviction of a serious crime. Not only does this determination constitute the law of the case, but this Court has previously held that a violation of Judiciary Law § 491 constitutes a serious crime (see Matter of Felman, 259 AD2d 68 [1999]).

Based on the uncontroverted evidence adduced, including the respondent's admissions and the stipulation dated June 4, 2012, the Special Referee properly sustained all of the charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm the Special Referee's report is denied.

The respondent argues in mitigation that he testified at the hearing that he felt "sorrow" and that he showed a "high degree of remorse." He further contends that the mitigation evidence presented at the hearing, including his charitable and pro bono activities, demonstrated that he does, indeed, possess moral and ethical fiber. Notwithstanding the respondent's expressions of remorse, his many charitable and pro bono activities, and his general reputation as an upstanding member in his community, the respondent acted with venality. He not only shared legal fees with a non-lawyer, but he allowed a disbarred attorney to practice law under the cover of his name. Moreover, he admitted that during the investigation into the real estate closings, he provided conflicting and false information to representatives of the Queens County District Attorney.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years, effective immediately, with no credit for the time elapsed under the interim order of suspension.

ENG, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that the respondent, John J. D'Emic, admitted as John Joseph D'Emic, is suspended from the practice of law for a period of two years, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than April 2, 2015. In such application, the respondent shall furnish satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, John J. D'Emic, admitted as John Joseph D'Emic, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law

or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John J. D'Emic, admitted as John Joseph D'Emic, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).